THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By DAVID AXTMANN, Senior Deputy (SBN 100176)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone:  (619) 531-5649
Facsimile:  (619) 531-6005
E-mail: david.axtmann@sdcounty.ca.gov

Attorneys for Defendants County of San Diego (also erroneously sued as "San Diego Health and Human Services Agency" and "Polinsky Children's Center"), Maya Bryson, Shari Medeiros and Laura Zetmeir

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR REYNOLDS; HEATHER REYMOLDS; H.R., a minor; R.R., a minor – by and through their Guardian ad Litem, Janice White,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; POLINSKY CHILDRENS CENTER; MAYA BRYSON; SHARI MEDEIROS; LAURA ZETMEIR, and Does 1 though 50, Inclusive,<br><br>　　　　　　Defendants. | No. 11cv1256-JAH(RBB)<br><br>**ANSWER TO COMPLAINT FOR DAMAGES FILED ON BEHALF OF DEFENDANTS COUNTY OF SAN DIEGO (ALSO ERRONEOUSLY SUED AS "SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY" AND "POLINSKY CHILDREN'S CENTER"), MAYA BRYSON, SHARI MEDEIROS AND LAURA ZETMEIR**<br><br>**JURY TRIAL REQUESTED** |

　　　　Defendants County of San Diego (also erroneously sued as "San Diego County Health and Human Services Agency" and "Polinsky Children's Center"), Maya Bryson, Shari Medeiros and Laura Zetmeir answer the complaint filed herein by admitting, denying and alleging as follows:

　　　　A.　　In response to paragraph 4 of the complaint defendants admit the allegations contained therein.

///

B. In response to paragraphs 1-3, 5-10, 12-20, 45, 52, 57, 62, 69, 75, 81, and 89 of the complaint, defendants lack sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis deny each and every allegations contained therein.

C. In response to paragraphs 11, 21-44, 46-51, 53-56, 58-61, 63-68, 70-74, 76-80, 82-88, and 90-95 of the complaint, defendants deny the allegations contained therein.

Defendants request a jury trial.

## AFFIRMATIVE DEFENSES

1. As a first, separate and distinct affirmative defense, defendants allege that the complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted. (Code Civ. Proc., § 430.10(e) and Fed. Rules Civ. P., rule 12.)

2. As a second, separate and distinct affirmative defense, defendants allege that plaintiffs lack subject matter jurisdiction over defendants, and have failed to sue the proper parties.

3. As a third, separate and distinct affirmative defense, defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of defendant County of San Diego. Such superseding or intervening causes cut off the defendants' liability, if any.

4. As a fourth, separate and distinct affirmative defense, defendants allege that they are immune from liability for the damages alleged because their involvement, if any, was through implementation of regulatory requirements.

5. As a fifth, separate and distinct affirmative defense, defendants allege that they are not liable for injuries arising out of a publication or broadcast of remarks made in the proper discharge of an official duty, pursuant to section 47 of the Civil Code.

6. As a sixth, separate and distinct affirmative defense, defendants allege that plaintiffs themselves acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that plaintiffs did not exercise ordinary care, caution

or prudence for their own safety and protection.  These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any.  However, if defendants are found legally responsible to plaintiffs, then defendants provisionally allege that their acts or omissions were not the sole and proximate cause of plaintiffs' injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

7.   As a seventh, separate and distinct affirmative defense, defendants allege that plaintiffs are barred by the doctrine of waiver and are therefore estopped to maintain this action.

8.   As an eighth, separate and distinct affirmative defense, defendants allege that plaintiffs have failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

9.   As a ninth, separate and distinct affirmative defense, said defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

10.   As a tenth, separate and distinct affirmative defense, defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

11.   As an eleventh, separate and distinct affirmative defense, defendants allege that they are not liable by operation of section 820.6 of the Government Code for injury caused by acts, in good faith, under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

12.   As a twelfth, separate and distinct affirmative defense, defendants allege that they are not liable for injuries caused by any misrepresentation by officers or employees

1  of the County of San Diego by operation of sections 818.8 and 822.2 of the Government
2  Code.

3       13.    As a thirteenth, separate and distinct affirmative defense, defendants allege
4  that they are not liable by operation of sections 815.2, subdivision (b), and 821.6 of the
5  Government Code in that the injuries and damages, if there were any, were caused by the
6  institution or prosecution of a judicial or administrative proceeding.

7       14.    As a fourteenth, separate and distinct affirmative defense, defendants allege
8  that they are not liable for injuries arising out of the reporting of a known or suspected
9  instance of child abuse, pursuant to section 11172 of the Penal Code and section 16513 of
10 the Welfare and Institutions Code.

11      15.    As a fifteenth, separate and distinct affirmative defense, defendants allege
12 that they are entitled to qualified immunity from liability under title 42, United States
13 Code section 1983.

14      16.    As a sixteenth, separate and distinct affirmative defense, defendant County
15 of San Diego alleges that it is not liable for alleged violations of civil or constitutional
16 rights by non-policymakers, or by policymakers who are acting on behalf of an entity
17 other than the County of San Diego.

18      17.    As a seventeenth, separate and distinct affirmative defense, defendants
19 allege that the action is barred by the failure of plaintiffs to timely comply with the
20 administrative claim provisions of section 945.4 of the Government Code.

21      18.    As an eighteenth, separate and distinct affirmative defense, defendants allege
22 that the action is barred by the failure of plaintiffs to commence the action within the time
23 required by section 945.6 of the Government Code.

24      19.    As a nineteenth, separate and distinct affirmative defense, defendants allege
25 that the action is barred by the statute of limitations, including but not limited to Section
26 335.1 of the Code of Civil Procedure.

27      20.    As a twentieth, separate and distinct affirmative defense, defendants allege
28 that the action is barred by plaintiffs' failure to exhaust administrative remedies,

including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over plaintiffs' claims.

21. As a twenty-first, separate and distinct affirmative defense, defendants allege that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

22. As a twenty-second, separate and distinct affirmative defense, defendant County of San Diego alleges that it is not liable for punitive or exemplary damages by operation of section 818 of the Government Code.

23. As a twenty-third, separate and distinct affirmative defense, defendants allege that plaintiffs lack the capacity to sue because plaintiffs are minors.

WHEREFORE, said defendants pray as follows:

1. That the action be dismissed with prejudice;

2. That plaintiffs take nothing by their action;

3. That defendants recover their costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: July 7, 2011    THOMAS E. MONTGOMERY, County Counsel

By: s/ *David Axtmann*
DAVID AXTMANN, Senior Deputy
Attorneys for Defendants County of San Diego, Thomas Seiver, Barbara Crozier, Jason Ward, Paul Mehaffie, III and George Calderon
E-Mail: david.axtmann@sdcounty.ca.gov