UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trevor REYNOLDS, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                             Defendants. | Case No.:  11-cv-1256-JAH-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF 209)** |

Petitioner Robert Powell, guardian *ad litem* for minor plaintiffs H.R. and R.R., seeks an order approving a proposed settlement of the minors' claims against all defendants. Because the settlement serves the minors' best interests, the Court recommends that the motion be granted.

### BACKGROUND

This suit arises from allegations that defendants, San Diego County and County social workers, wrongfully removed the minor plaintiffs from the care, custody, and control of their parents. (ECF 209, at 2.) On June 10, 2010, defendants placed a "hospital hold" on R.R. when her parents brought her to the hospital with a broken femur. *Id.* At the same time, defendants authorized the removal of H.R. from his parents' care and custody and sent a social worker to remove him from the supervision of his grandmother, who was watching him while his parents were with his sister. *Id.*

H.R. was then taken to a County shelter care facility and subjected to medical examinations, including blood and urine tests, without the presence, notice, or consent of his parents. *Id.* He remained at the facility through June 15, 2010. *Id.* Petitioner does not represent that either minor required medical treatment as a result of removal, nor did they seek special damages for psychological or psychiatric treatment. (*See id.* at 3, 6.)

Plaintiffs' Motion to Confirm the Minors' Compromise provides that the two minor children will each receive an amount made payable to Structured Assignments SCC to fund three future payments through the purchase of an annuity from Security Benefit Life Insurance Company. (ECF 209, at 5; ECF 209-3, at 2; ECF 209-4, at 2.) These payments will occur for each minor at ages 18, 24, and 28. (ECF 209-2, at 3.) The total payout to each minor plaintiff will be:

1. H.R. - $35,000, plus index gains not less than 0% (ECF 209-3, at 2.)
2. R.R. - $25,000, plus index gains not less than 0% (ECF 209-4, at 2.)

The exact amount of each "index gains" payment will depend on stock market performance, but the total payment to each minor will not be less than the amount listed above.

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint and the parties' briefing, the Court is intimately familiar with this case's facts and legal issues. With that experience in mind, the Court recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

Moreover, the minors' recovery in this case is reasonable in light of those approved in similar cases. *See, e.g.*, *Mann v. Cty. of San Diego*, No. 11-cv-0708-GPC, 2020 U.S. Dist. LEXIS 33917 (S.D. Cal. Feb. 26, 2020) (approving payment of $50,000 per minor for minors who were removed from their parents' custody and subjected to medical exams without parental consent); *B.R. v. Cty. of Orange*, No. 8:15-cv-00626-CJC-PJW, ECF No. 84, at 2 (C.D. Cal. Mar. 30, 2018) (approving $50,000 settlement for minor who was removed from mother's custody without cause but suffered no injury); *Bruno v. Cty. of Los Angeles*, No. SACV 17-01301-CJC(JEx), 2019 U.S. Dist. LEXIS 227883, at *12 (C.D. Cal. July 18, 2019) (approving a settlement of $60,000 per minor for minors who were removed from their parents' custody and subjected to medical examinations and vaccinations without a warrant or parental consent).

While the payments to H.R. and R.R. are lower than awards in similar cases, the settlement is still reasonable "in light of the facts of the case." *Robidoux*, 638 F.3d at 1182. For example, while the minors in *Mann* were allegedly separated from their parents for approximately three months, H.R. and R.R.'s removal lasted only about five days. *See Mann*, No. 11-cv-0708-GPC, ECF No. 1, at 19; (ECF 209, at 2). In *Bruno*, at least one minor was separated from his parents for 11 days, and the other was administered seven vaccines—including one with an ingredient to which he had previously had an allergic reaction—with no attempt made to verify his medical history. *Bruno*, 2019 U.S. Dist. LEXIS 227883 at *5-6. It is also notable that the *Bruno* settlement of $60,000 per minor came from three separate defendants, *see id.* at *9-10, while H.R. and R.R.'s payments are being funded entirely by San Diego County. (*See* ECF 209, at 3.)

Accordingly, the Court recommends:

1. The motion to approve the settlement be **GRANTED**.

2. The compromise and settlement of the claims of the minors H.R. and R.R. be approved as fair and reasonable and in the best interests of the minor plaintiffs.

Any objections to this report and recommendation are due by July 21, 2020. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  July 8, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge